Arthur W. Fleishman, CA Bar No. 222886
awf@mdd-law.com
McClosky, D'Anna & Dieterle, LLP
2300 Glades Road
Suite 400, East Tower
Boca Raton, FL 33431
Telephone: (561) 368 – 9200
Facsimile:   (561) 395 - 7050

Attorneys for Defendants,
IMARKETING CONSULTANTS, INC., *et al.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IMARKETING CONSULTANTS, INC., dba ULTRA-MX.COM, also dba SPEED NETWORK, also dba SPEED-MX.COM, and DOES ONE through FIFTY, inclusive,<br><br>Defendants. | Case No.: C 07-05357 CW<br><br>**DEFENDANT IMARKETING CONSULTANTS, INC.'S NOTICE OF MOTION TO DISMISS COMPLAINT OR TRANSFER TO THE SOUTHERN DISTRICT OF FLORIDA AND MEMORANDUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF** |

**I.   NOTICE OF MOTION TO DISMISS THE COMPLAINT OR TRANSFER TO THE SOUTHERN DISCTRICT OF FLORIDA**

Defendant Imarketing Consultants, Inc. ("Imarketing"), by and through its undersigned counsel and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby files notice of its motion to dismiss Plaintiff ASIS Internet Services' Complaint for Damages and Injunctive Relief ("Complaint") or, in the alternative, to transfer the action to the Southern District of Florida, and states:

Plaintiff filed its Complaint against Imarketing, as well as purported aliases and unknown individuals, alleging violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701 et seq., seeking injunctive relief, statutory damages, aggravated damages, and attorney's fees.  These allegations, even if true, are insufficient to establish liability under the CAN-SPAM Act.  The

instant action is one of several filed by Plaintiff in this Court over the past six (6) months alleging violations of the CAN-SPAM Act against various companies. While counsel will not address the factual and legal sufficiency of the complaints filed in the other actions, the Plaintiff's Complaint filed in the instant action must be dismissed as to Imarketing based on the following: (a) lack of jurisdiction over Imarketing; (b) improper venue; (c) failure to plead with the requisite particularity; and (d) failure to state a claim upon which relief may be granted. Accordingly, Imarketing respectfully requests this Court dismiss the Complaint or, in the alternative, transfer the case to the Southern District of Florida.

## II. MEMORNADUM OF POINTS AND AUTHORITY IN SUPPORT THEREOF

### A. This Court Lacks Personal Jurisdiction Over Imarketing.

Plaintiff is a California corporation that provides internet services. Imarketing is a Florida corporation. Plaintiff alleges that this Court has original jurisdiction pursuant to the 28 U.S.C. § 1331 and the CAN-SPAM Act. Complaint ¶ 1.

Plaintiff states that: "This Court has personal jurisdiction over Defendants IMARKETING CONSULTANTS, INC., who maintain[s] offices in Delray Beach, Palm Beach County, Florida. Plaintiff believes and is informed and therefore alleges that the other dba's named in this suit are copyrighted names, service marks or domain names owned by IMARKETING CONSULTANTS, INC." Complaint ¶ 2. Plaintiff is uncertain whether Imarketing is the sender of the alleged spam, but makes conclusory allegations in an attempt to establish jurisdiction. Complaint ¶ 2, ¶ 5. Plaintiff asserts that: "Defendants have purposely availed themselves of the privileges of conducting activities in the forum, the emails are the subject of the action, and exercise of jurisdiction is reasonable since Defendants should have known they would be subject the jurisdiction and laws of the forum when commercial email accounts at a Northern California Internet Access Provider." Complaint ¶ 6.

Plaintiff's assertion of personal jurisdiction is based only on Plaintiff's assumptions that Imarketing caused the harm alleged. Further, as discussed below, no violation of the CAN-SPAM actually occurred based on the exhibits attached to the Complaint and

1 Plaintiff's own allegations. Therefore, the Complaint must be dismissed for this Court's lack of
2 personal jurisdiction over Imarketing.

3 "Where no applicable federal statute governs personal jurisdiction, federal courts
4 apply the law of the state in which the court sits." Silverstein v. Experienced Internet.com, Inc.,
5 Not Reported in F.Supp.2d, 2005 WL 1629935 * 1 (N.D. Cal. July 11, 2005) (*citing* Core-Vent
6 Corp. v. Nobel Industries AB, 11 F.3d 1482, 1484 (9th Cir.1993)). The only cause of action in
7 the instant action is under the CAN-SPAM Act, which allows for a provider of internet access
8 service to bring a civil action for violations of CAN-SPAM "in any district court of the United
9 States with jurisdiction over the defendant." Since the CAN-SPAM Act does not specify the
10 court's jurisdictional reach, state law governs. Id. (*citing* Core-Vent Corp., 11 F.3d at 1484).

11 "California's long-arm statute allows courts to exercise personal jurisdiction over
12 defendants to the extent permitted by the Due Process Clause of the United States Constitution."
13 Id. at * 2 (*citing* Cal.Code Civ. Pro. § 410.10 ("A court of this state may exercise jurisdiction on
14 any basis not inconsistent with the Constitution of this state or of the United States."); Core-
15 Vent, 11 F.3d at 1484). Therefore, this Court "need only determine whether personal jurisdiction
16 in this case would meet the requirements of due process." Id. (*citing* Brainerd v. Governors of
17 the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir.1989)).

18 "Due process requires that 'in order to subject a defendant to a judgment in
19 personam, if he be not present within the territory of the forum, he have certain minimum
20 contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair
21 play and substantial justice.'" Id. (*quoting* International Shoe Co. v. Washington, 326 U.S. 310,
22 316 (1945)). A due process analysis will determine whether a state may exercise jurisdiction,
23 whether general or specific, over a defendant. Helicopteros Nacionales de Colombia, S.A. v.
24 Hall, 466 U.S. 408, 414-15 (1984). "If a defendant's activities within the forum state are
25 'continuous and systematic' or 'substantial,' the state has a sufficient relationship with the
26 defendant to assert general jurisdiction." Silverstein, 2005 WL 1629935 at * 2 (*quoting* Perkins
27 v. Benguet Consol. Mining Co., 342 U.S. 437, 445-447 (1952)). In the instant action, Plaintiff
28 has not and cannot show California has general jurisdiction over Imarketing. If a forum state

cannot assert general jurisdiction over the defendant, the state may still assert specific jurisdiction depending on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. Id. (*citing* Data Disc, Inc. v. Systems Tech. Assocs., Incs., 557 F.2d 1280, 1287 (9 Cir.1977)).

Plaintiff argues this Court has specific jurisdiction over Defendants because Defendants purportedly sent multiple commercial email messages to accounts at a Northern District of California Internet Access Provider. However, at this time, it is unclear who sent the emails. Moreover, Imarketing is not doing business in California, has no employees or customers in California, does not advertise in California, owns no property in California, does not have an address or phone listing in California, and is not sending emails to anyone in California. *See* Affidavit of Robert Clouse, Imarketing CEO, which is attached hereto as "Exhibit1." Plaintiff cannot show otherwise.

**B.** **<u>The Northern District of California Is Not the Proper Venue for This Action.</u>**

Plaintiff further asserts: "Venue is proper in this Court pursuant to 28 U.S.C. 1391(b) and is founded on the fact that a substantial part of the unlawful action occurred in this judicial district." Complaint ¶ 7. 28 U.S.C. 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. 1391(b). Imarketing resides in Delray Beach, Palm Beach County, Florida, which is in the Southern District of Florida. Plaintiff does not allege any events that occurred in Northern District of California except that "emails were to email accounts at a Northern California Internet Access Provider." Complaint ¶ 6.

Based on Plaintiff's allegations we must determine whether the significant event was sending the emails or receipt of the emails. This is further complicated by the fact that these

emails did not cause any harm or injury in the Northern District California, as they were, by Plaintiff's own admission, sent to unassigned or inactive email accounts owned by Plaintiff. Complaint ¶ 14. Nevertheless, Plaintiff is not certain that the emails were sent by Imarketing and has not alleged any events justifying the Northern District of California as the proper forum.

Litigating the instant action in the Northern District of California will be costly for Imarketing, which has its principal place of business in the Southern District of Florida. Furthermore, the evidence and witnesses for Imarketing are all in Southern District of Florida. Moreover, the action could and should have been brought in the Southern District of Florida. 28 U.S.C. § 1404, provides: "For the convenience of parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, 28 U.S.C. § 1404 authorizes a district court to transfer any civil action to any other district or division where the action might have been brought, for the convenience of the parties and witnesses, if the transferee court is one in which proper venue can be laid, where the case might have been brought originally, and one which will have jurisdiction of the subject matter and over the parties. Based on the above stated criteria, the facts of the instant case stated herein and Imarketing's CEO Robert Clouse's Affidavit, this action could have been brought and should have been brought in the Southern District of Florida. For the reasons asserted herein, if this case is not dismissed, the equities and general interests of justice favor transferring this case to the Southern District of Florida.

**C.     Plaintiff's CAN-SPAM Act Claim Is Not Pleaded With the Requisite Particularity.**

A complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure where there is either a "lack of cognizable legal theory" or the absence of sufficient facts to support a cognizable legal theory. Balestreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Although this Court must take all material allegations in a complaint as true and construe them in the light most favorable to the Plaintiff, this Court is not required to accept legal conclusions cast in the form or factual allegations, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.

2001); Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Although this Court is generally confined to consideration of the allegations in the pleadings, when a complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with the requisite particularity." Fed.R.Civ.P. 9(b). In the Complaint, Plaintiff simply alleges that the emails sent by Defendants were "accompanied by header information that was materially false or materially misleading." Complaint ¶ 19. Plaintiff's Complaint is not pleaded with the requisite particularity for averments of fraud, including why the header was misleading.

This Court, in a similar case involving the same Plaintiff in the instant action, has held that the required elements for a CAN-SPAM Act claim do not include all of the elements of common law fraud and that Rule 9(b) does not necessarily apply to all claims under the Act. ASIS Internet Services v. Optin Global, Inc., 2006 WL 1820902 * 3 (N.D. Cal. June 30, 2006) (Not Reported in F.Supp.2d) (citing Gordon v. Impulse Marketing Group, Inc., 375 F.Supp.2d 1040 (E.D. Wash. 2005)). It appears that Rule 9(b) is to be used more as a guidepost in evaluating the pleadings. This Court determined that it must look to whether "Plaintiff has alleged either some fraudulent conduct or a course of fraudulent conduct." Id. at * 4. But, this Court held that "[i]f Plaintiff chooses to base its CAN-SPAM claim on the nature of the allegedly fraudulent subject lines, this must be plead with particularity." Id. at * 5.

In the instant action, Plaintiff's claim is based primarily on allegedly fraudulent subject lines in violation of 15 U.S.C. § 7704(a)(1). Plaintiff alleges that: "all of the relevant electronic mails sent by the Defendants on May 10, 2007, through September 4, 2007, contained or were accompanied by header information that was materially false or materially misleading." Complaint ¶ 19. Plaintiff, however, does not specifically allege the content of the emails themselves, including their headers and subject line information, or otherwise provide an example or specify the manner in which the emails were false or misleading. Furthermore,

Plaintiff collectively charges Defendants with the responsibility of sending these allegedly false emails, which runs afoul of Rule 9(b). Id. at * 4.  Moreover, as will be discussed further below, the exhibits attached to the Complaint contradict Plaintiff's averment that the emails were misleading.

Plaintiff further alleges the Defendants discovered the emails by "directory harvest or other illegal means" in violation of 15 U.S.C. § 7704(b)(1) and (2).  Complaint ¶ 15. But in the Complaint, Plaintiff redacts the email addresses to which the alleged "spam" from Defendants was sent.  Therefore, Defendants are without notice to which email address the emails were actually sent.  Further, as stated above, Plaintiff's allegations against Defendants are collective and vague.  More importantly, Plaintiff has not allege the elements required under 15 U.S.C. § 7704(b)(1) and (2), and does not plead anything to support its claim that the emails were generated in a manner that violates the Act.

### D. **Plaintiff Fails to State a Claim for Which Relief May Be Granted.**

The CAN-SPAM Act, which became effective on January 1, 2004, was enacted to protect consumers from unwanted commercial e-mail, known colloquially as "spam." The Act imposes a number of restrictions on sending commercial email, which is defined as messages that have as their primary purpose a commercial advertisement or a promotion of a commercial product or service.  The CAN-SPAM Act makes it "unlawful for any person to initiate the transmission, to a protected computer, of a commercial electronic mail message ... that contains, or is accompanied by, header information that is materially false or materially misleading." 15 U.S.C. § 7704(a)(1). The Act also prohibits a person from initiating the transmission of commercial email messages if such person has actual knowledge, or knowledge fairly implied on the basis of objective circumstances, that a subject heading of the message would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject of the message. 15 U.S.C. § 7704(a)(2). "Header information" means the "source, destination, and routing information attached to an electronic mail message, including the originating domain name and originating electronic mail address, and any other information that appears in the line identifying, or purporting to identify, a person initiating the message." 15

U.S.C. § 7702(8). As stated above, Plaintiff does not allege how the headers are materially false or misleading in the Complaint.

Imarketing has established and implemented, with due care, reasonable practices and procedures to effectively prevent violations of the CAN-SPAM Act; any violation thereof, even if proven to be by Imarketing, occurred despite commercially reasonable efforts to maintain compliance with such practices and procedures. Regardless, it appears from the exhibits attached to the Complaint that the headers adequately describe the contents of the email. Furthermore, the exhibits show the emails were permitted and lawful by virtue of one or all of the following elements being present:

    a.    a clear and conspicuous identification that the email is an advertisement or solicitation;

    b.    an opt-out mechanism allowing the recipient not to receive any further unsolicited emails from sender;

    c.    a working return email address or automated means allowing the recipient to opt-out of receiving such emails;

    d.    a valid physical address of the sender; and

    e.    recipient provided affirmative consent to receive such messages.

Rule 10(c) of the Federal Ruled of Civil Procedure expressly provides that a written instrument that is an exhibit to a pleading becomes a part of the pleading for all purposes. As numerous cases from throughout the federal court system demonstrate, the contents of any attached writing must be considered by the court in a wide variety of contexts including: determining the sufficiency of the statement of a claim for relief, and ascertaining the propriety of the district court's personal or subject matter jurisdiction. Furthermore, by attaching an exhibit, the pleader often may foreclose recovery on a theory of relief that he claims is available to him, since the document itself may reveal the existence of an insurmountable defense. Here, Plaintiff cannot overcome the evidence offered in the exhibits attached to the Complaint, which show the sender complied with the CAN-SPAM Act.

When granting a motion to dismiss, a court generally required to grant a plaintiff leave to amend, unless an amendment would be futile. <u>Cook, Perkiss & Liehe, Inc. v. N. Cal Collection Serv. Inc.</u>, 911 F.2d 242, 246-47 (9th Cir 1990). In determining whether an amendment would be futile, this Court must examine whether Plaintiff could cure the defects in the Complaint without contradicting any of the allegations of the original Complaint. <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296 (9th Cir. 1990). While leave to amend should be granted liberally, an amended complaint cannot allege facts inconsistent with the challenged pleading. Imarketing asserts that allowing Plaintiff to amend the Complaint would be futile.

WHEREFORE, for the above-stated reasons, Defendant Imarketing Consultants, Inc., respectfully requests this Court dismiss the Complaint without leave to amend or, in the alternative, transfer the case to the Southern District of Florida.

Dated: December 21, 2007

/s/ Arthur W. Fleishman
Arthur W. Fleishman, Esquire
CA Bar No.: 222886
McClosky, D'Anna & Dieterle, LLP
2300 Glades Road, Suite 400 East
Boca Raton, FL 33431
(561) 368-9200 (telephone)
(561) 395-7050 (facsimile)
Attorneys for Defendants,
IMARKETING CONSULTANTS, INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 21, 2007, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorize to receive electronically Notices of Electronic Filing.

                                                     //s/ Arthur W. Fleishman
                                                     Arthur W. Fleishman, Esquire
                                                      CA Bar No. 222886

# SERVICE LIST

ASIS INTERNET SERVICES, a California Corporation, vs. IMARKETING CONSULTANTS, INC., dba ULTRA-MX.COM, also dba SPEED NETWORK, also dba SPEED-MX.com, and DOES ONE through FIFTY, inclusive.
Case No.: C 07-05357 CW
United States District Court, Northern District of California

**Counsel for Plaintiff:**

Jason K. Singleton, Esquire
lawgroup@sbcglobal.net
Richard E. Grabowski, Esquire
rgrabowski@pacbell.net
Singleton Law Group
611 "L" Street, Suite A
Eureka, CA 95501
Telephone: (707) 441 – 1177
Facsimile: (707) 441 – 1533
*Served by CM/ECF*