1  Jason K. Singleton, State Bar #166170
   jason@singletonlawgroup.com
2  Richard E. Grabowski, State Bar # 236207
   rgrabowski@mckinleyville.net
3  SINGLETON LAW GROUP
   611 "L" Street, Suite A
4  Eureka, CA 95501
   Telephone:    (707) 441-1177
5  Facsimile:    (707) 441-1533
   Attorney for Plaintiff, ASIS INTERNET SERVICES

6  Arthur W. Fleishman, State Bar # 222886
7  awf@mdd-law.com
   McCLOSKY, D'ANNA & DIETERLE, LLP
8  2300 Glades Road
   Suite 400, East Tower
9  Boca Raton, FL 33431
   Telephone:    (561) 368-9200
10 Facsimile:    (561) 395-7050
   Attorneys for Defendant, IMARKETING CONSULTANTS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASIS INTERNET SERVICES, a California corporation, | Case No C 07-5357 CW |
| Plaintiff, | JOINT CASE MANAGEMENT STATEMENT |
| vs. | |
| | DATE: January 29, 2008 |
| IMARKETING CONSULTANTS, INC., dba ULTRA-MX.COM, also dba SPEED NETWORK, also dba SPEED-MX.COM, and DOES ONE through FIFTY, inclusive, | TIME: 2:00 p.m. |
| | CTRM: 2, Oakland, California |
| Defendants. | |

The parties to the above-entitled action jointly submit this Case Management Statement and request the Court to adopt it as its Case Management Order in this case.

**1.** <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Plaintiff filed the within action in the within court based on original jurisdiction pursuant to 28 *USC* §1331 for violations of the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003 ("CAN-SPAM Act"), 15 U.S.C. §§ 7701 et seq. Defendant, Imarketing Consultants, Inc. ("Defendant"), who is the only specifically named and served defendant, has filed a Motion to Dismiss Complaint or Transfer to the Southern District of Florida. The Motion is set to be heard by the Court on February 21, 2008. Plaintiff states all known parties have been served.**

**2.** <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiff is a California corporation that provides internet services. Defendant is a Florida corporation. Plaintiff has brought this action against Defendant for alleged violations of the CAN-SPAM Act.**

**3.** <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

**See Defendant's Motion to Dismiss.**

**4.** <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

**Defendant has filed a Motion to Dismiss Complaint or Transfer to the Southern District of Florida. The Motion is set to be heard by the Court on February 21, 2008. Plaintiff is preparing its Opposition thereto.**

**5.** <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

**It is unclear at this juncture whether Plaintiff will be seeking leave to name additional parties. The first round of written discovery should answer this question.**

**6.** <u>Evidence Preservation</u>: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**The Parties have taken all steps available to preserve its evidence and have exchanged letters advising each other of the necessity of data preservation.**

**7.** <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure

1 requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

2  **Plaintiff has compiled its initial disclosures, including redacted copies of the subject emails**
3 **in the within action and will timely serve Defendant with same.**

4  **Defendant will timely serve Plaintiff with its initial disclosures and will be seeking un-**
5 **redacted versions of the subject emails.**

6 **8.** Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed
7 limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R.
8 Civ. P. 26(f).

9  **No discovery has been taken to date.**

10  **The parties request no limitations on discovery other than as set forth in F.R.C.P. Rule 26,**
11 **with the cut-off dates as proposed in #17 hereafter.**

12  **Plaintiff requests that since the parties desire to work towards settlement of this matter**
13 **without incurring excessive costs, Plaintiff proposes that expert disclosures not be required until**
14 **the end of discovery.  The parties request that expert witness and Rule 26(a)(2) disclosures be**
15 **made 90 days before trial and that rebuttal expert disclosures be made 30 days thereafter.**

16 **9.** Class Actions: If a class action, a proposal for how and when the class will be certified.
17  **N/A**

18 **10.** Related Cases: Any related cases or proceedings pending before another judge of this court, or
19 before another court or administrative body.

20  **No directly related cases; however, Plaintiff has filed several other actions under CAN-**
21 **SPAM Act in this District.**

22 **11.** Relief: All relief sought through complaint or counterclaim, including the amount of any
23 damages sought and a description of the bases on which damages are calculated.  In addition, any party
24 from whom damages are sought must describe the bases on which it contends damages should be
25 calculated if liability is established.

26  **Plaintiff is seeking statutory damages for violations of the CAN-SPAM Act as hereinafter**
27 **set forth:**

28  1. For statutory damages of up to $100.00 for each violation of 15 U.S.C.

    § 7704(a)(1) in the sum of $122,500.00;

2.  For aggravated damages under 15 U.S.C. § 7706(g)(1)(C) of up to three times the amount above for these violations committed by the defendants' violations of 15 U.S.C. § 7704(b) in the sum of $367,500.00;

3.  For a preliminary and permanent injunction preventing the defendants and all persons acting in concert with them from the violation of the Can-Spam Act;

4.  For attorney fees and costs incurred.

**12.** <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

**The parties have not yet engaged in informal settlement discussions. There is currently an ADR Phone Conference scheduled for January 28, 2008 at 9:30 a.m. The parties seek a settlement conference with a magistrate; however, if a settlement conference with a magistrate is not possible and the case is not dismissed or otherwise settled, the parties will attend mediation.**

**13.** <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**Plaintiff does not consent to the assignment to a Magistrate Judge.**

**Defendant does not consent to the assignment to a Magistrate Judge.**

**14.** <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**The parties do not believe the case is suitable for such reference.**

**15.** <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

**None at this time, however, discovery may change status.**

**16.** <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis

with streamlined procedures.

**Plaintiff submits an expedited schedule is inappropriate. The technical aspects of CAN-SPAM Act cases may require more trial preparation.**

**17.**    Scheduling: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

| | |
|---|---|
| **Non-Expert Discovery Cut-off:** | **September 5, 2008** |
| **Designation of Experts:** | **October 6, 2008** |
| **Rebuttal:** | **November 5, 2008** |
| **Expert Discovery Cut-off:** | **December 4, 2008** |
| **Dispositive Motions - Last Day for Hearing:** | **December 18, 2008** |
| **Final Pretrial:** | **January 12, 2009** |

**18.**    Trial: Whether the case will be tried to a jury or to the court and the expected length of the trial.

**The Parties request a trial date on or about:        February 16, 2009**

**a.        Plaintiff timely requested a Jury Trial and anticipates it will take 4 days; Plaintiff anticipates calling 7 witnesses.**

**b.        Defendants anticipate it will take 4 days; Uncertain at this time how many additional witnesses will be necessary.**

**19.**    Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

**Plaintiff is a California corporation with no parent company, partners, or other entity, who has any interest in it whatsoever.**

**Defendant is a Florida corporation with no parent company or partners, who would be substantially affected by the outcome of the proceedings.**

1  **20.**   Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

**Defendant has filed a Motion to Dismiss or Transfer to the case to the Southern District of Florida. The Motion is set to be heard by the Court on February 21, 2008.**

                          **SINGLETON LAW GROUP**

Dated: January 22, 2008         /s/ Jason K. Singleton
                                     Jason K. Singleton, Attorney for Plaintiff,
                                     ASIS INTERNET SERVICES

                          **McCLOSKY, D'ANNA & DIETERLE, LLP**

Dated: January 22, 2008         /s/ Arthur W. Fleishman
                                       Arthur W. Fleishman, Attorney for Defendant,
                                     IMARKETING CONSULTANTS, INC.